14-4089
*Markman v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand fifteen.

Present:
      ROBERT A. KATZMANN,
           *Chief Judge*,
      DENNY CHIN,
           *Circuit Judge,*
      P. KEVIN CASTEL,
           *District Judge*.[*]

---

MIKHAIL MARKMAN,

    *Plaintiff-Appellant*,

      v.                          No. 14-4089-cv

CITY OF NEW YORK, POLICE OFFICER JESSI
D'AMBROSIO, Shield #16123, SERGEANT DHANAN
SAMINATH, Tax #935678,

    *Defendants-Appellees*,

POLICE OFFICERS "JOHN DOES" #1-9, individually and

---

[*] Hon. P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.

in their official capacities (the name John Doe being
fictitious, as the true names are presently unknown),

*Defendants.*[**]

| | |
|---|---|
| For Plaintiff-Appellant: | Ameer Benno, New York, New York. |
| For Defendants-Appellees: | Victoria Scalzo and Richard Paul Dearing, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York. |

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court be and hereby is **AFFIRMED IN PART** and

**VACATED IN PART**, and the case is **REMANDED**.

Plaintiff-Appellant Mikhail Markman appeals from an October 2, 2014 grant of summary

judgment (Cogan, *J.*), which dismissed all of Markman's claims. We assume the parties' familiarity

with the underlying facts, procedural history, and the issues on appeal.

We review de novo a grant of summary judgment, drawing all factual inferences in favor of the

nonmovant. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). The

district court found that the defendants' arrest and prosecution of Markman were supported by

probable cause, so it dismissed Markman's claims under 42 U.S.C. § 1983 for false arrest and

malicious prosecution. For these claims, probable cause "is a complete defense." *Weyant v. Okst*,

101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted).

---

[**] The Clerk of Court is directed to amend the caption.

We affirm the dismissal of these claims on the alternative grounds of qualified immunity. *See Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 413 (2d Cir. 2014) ("It is well settled that this Court may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the district court." (internal quotation marks omitted)). "[Q]ualified immunity shields government employees acting in their official capacity from suits for damages under 42 U.S.C. § 1983, unless their conduct violated clearly established rights of which an objectively reasonable official would have known." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 568–69 (2d Cir. 1996). An officer is entitled to qualified immunity where the arrest and prosecution are supported by "[a]rguable probable cause[, which] exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks omitted).

We find that the officers who arrested and initiated prosecution of Markman had arguable probable cause to believe that he unlawfully possessed a loaded weapon in violation of New York Penal Law section 265.03. This case is somewhat unusual because the elements of the crime were all presented to the officers by Markman himself, who called them to his car to report a possible explosive underneath it as well as a gun and ammunition in the trunk. New York Penal Law section 265.20 enumerates exemptions to the crime of unlawful possession, including for police officers, military servicemembers, and persons "voluntarily surrendering such weapon, . . . provided that such surrender shall be made . . . in accordance with such terms and conditions as may be established by [the] superintendent, sheriff, police force or department" to whom the weapon is surrendered. N.Y. Penal Law § 265.20(a)(1)(f). Markman argues that because he called the police to report that a

3

weapon had been left in his trunk by two people who had also possibly planted an explosive under his car, the officers lacked probable cause to arrest him because he qualified for the innocent-possession exemption of section 265.20. We agree with Markman that an officer would lack probable cause to arrest if the arrestee's entitlement to a statutory exemption were so plain that no reasonable officer could think otherwise. *See Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (in making a probable-cause determination, "an officer may not disregard plainly exculpatory evidence"); *see also Jocks v. Tavernier*, 316 F.3d 128, 135–36 (2d Cir. 2003). For example, without additional facts, an officer would lack probable cause to arrest a servicemember in uniform for possessing a loaded weapon. *See* N.Y. Penal Law § 265.20(a)(1)(d).

But here, reasonable officers could disagree about whether Markman was entitled to the statutory exemption. When the officers arrived at his vehicle, they found no explosive underneath it, no evidence of tampering, and a gun and ammunition in a closed trunk to which only Markman had access. In short, Markman's claim that others had left or planted the gun in his trunk was subject to objectively reasonable skepticism. Because the elements of the crime of unlawful possession were met and the exemption was not undebatably applicable, the arresting officers had at least arguable probable cause to arrest Markman and initiate prosecution. They are therefore entitled to qualified immunity for his claims for false arrest and malicious prosecution.

Markman also appeals the dismissal of his claim that the police unconstitutionally seized his vehicle. He argues that the district court erred by finding that this claim was foreclosed by the defendants' compliance with the requirements articulated by *Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002), because the claim, in Markman's view, should have been analyzed under the Fourth Amendment instead of the Fourteenth. But the *Krimstock* Court reached its "conclusion in light of

4

the dictates of the *Fourth and Fourteenth* Amendments." *Id.* at 48 (emphasis added). We discern no error in the district court's dismissal of this claim.

On one final matter, we cannot affirm. In a footnote, the district court stated: "[P]laintiff also has asserted claims for . . . unspecified violations of the New York State Constitution. *The parties' summary judgment papers have not addressed these claims.* . . . The Court takes plaintiff's unspecified civil rights claims to be withdrawn or subsumed by the rulings in this decision." Special App. 9 n.5 (emphasis added). Under Rule 56(f)(2) of the Federal Rules of Civil Procedure, it is permissible for a district court to grant summary judgment on "grounds not raised by a party," but only "[a]fter giving notice and a reasonable time to respond." *See Willey v. Kirkpatrick*, 801 F.3d 51, 62–63 (2d Cir. 2015). The district court here gave no notice of its intention to grant summary judgment on grounds that the defendants did not raise in their briefing below. Accordingly, the grant of summary judgment on Markman's non-federal claims was in error. Of course, having correctly dismissed Markman's federal claims, the district court may, on remand, decline to exercise supplemental jurisdiction over his state claims and dismiss them without prejudice to Markman's ability to pursue them in state court.

We have considered Markman's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK